IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUZANNE P. VARITEK | ) | Case No. 4:18-cv-01281 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

**I.     Introduction**

Plaintiff, Suzanne P. Varitek ("Plaintiff"), filed a complaint challenging the final decision of the Commissioner of Social Security ("Commissioner"), denying her application for benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq*. The court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before me pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") in this matter. I recommend that Plaintiff's IFP application be DENIED.

**I. Relevant Background Information**

On June 5, 2018, Plaintiff filed a complaint, ECF Doc. 1, and a motion to proceed *in forma pauperis*. *See* ECF Doc. 2. Plaintiff's affidavit supporting her IFP application states that she receives $4,000 per month from her IRA. ECF Doc. 2, Page ID# 18-19. Plaintiff states that she lives with her father, has been using her IRA to pay her monthly bills, and has medical bills and debt. *Id*. at 21. She states that she has $755 in monthly expenses, including $552 in

installment payments. *Id*. at 20-21. After these expenses are deducted, Plaintiff appears to have an approximate monthly surplus of $3,245. She has $1,000 in her saving account. *Id*. at 19. Thus, Plaintiff should have enough financial resources to cover the cost of the filing fee in this case.

**II. Law & Analysis**

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefore." *See* 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.,* 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.,* 865 F.2d 22, 23 (2nd Cir. 1988)). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.* It is within the court's discretion whether to allow a litigant to proceed IFP. *Id*. at 240.

Here, Plaintiff's application reflects that she receives enough monthly income to cover her basic expenses and that $3,245 remains for other discretionary monthly expenses. *See* ECF Doc. 2. It does not appear that Plaintiff is unable to pay the filing fee in this case. Rather, it appears that this is a case in which Plaintiff must "weigh the financial constraints posed by pursuing [plaintiff's] complaint against the merits of [plaintiff's] claims." *Behmlander,* 2012 WL 5457466 at *2. Based on the foregoing reasons, the undersigned finds that Plaintiff is not eligible to proceed IFP and recommends that the court DENY Plaintiff's application and require her to pay the filing fee.

Dated: June 7, 2018

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).